# UNITED STATES, Plff.,

*v.*

# S. H. COOK, Dft.

San Juan, Criminal, No. 561.

CRIMINAL INFORMATION FOR LANDING CHINESE SEAMEN.

Finding of Facts—Waiver.

1. A finding of facts by the court may be waived by the parties in interest, even in a criminal case.

The Chinese Exclusion—Porto Rico.

2. The Chinese exclusion regulations apply to Porto Rico as well as in the other parts of the United States. The captain is responsible for the acts of his officers permitting Chinamen to go ashore without bond. For many purposes the captain is the ship.

Fine—Suspension.

3. Where a judgment is for the purpose of settling a principle, and the offense is one rather of omission than commission, the fine imposed may be suspended in good behavior as part of the judgment itself.

Opinion filed April 14, 1914.

*Mr. W. N. Landers,* United States District Attorney, for the United States.

*Mr. Francis E. Neagle* for the defendant.

HAMILTON, Judge, delivered the following opinion:

This case has been submitted for trial by the court without a jury.

United States v. Cook.

1. The court accordingly finds the facts to be substantially as, charged in the information. A detailed finding is waived by the defendant in open court.

2. In accordance with the views previously expressed in the opinion on the demurrer in this case, the court is of the opinion that the defendant has violated the law as charged. The evidence shows that the defendant is captain of the British steamer Norhilda, and did not think that the exclusion regulations relative to Chinese applied to Porto Rico as they did in the United States proper. He let his Chinese sailors go ashore freely in Porto Rico during the many voyages between San Domingo and Guanica. Of course, there is no difference in this regard between the United States and Porto Rico. It is. true that he can be tried only for the one offense charged in the information, and he is tried for permitting these four Chinamen to go ashore without giving bond at the time and place mentioned in the information.

The evidence is quite clear that he did do this as to one of the four Chinamen. As to the others, it does not appear that he personally saw them go ashore, or personally took any action one way or the other. Nevertheless, the captain represents the ship, for many purposes he is the ship, and he is responsible for all acts of his officers. The captain or some officer either knew these sailors were going ashore, or failed to take steps to prevent their going ashore without giving bond. The captain certainly knew that no bond had been given, and for such action or failure he is responsible.

3. It follows that he is guilty as charged in the information,.

and judgment will be entered imposing a fine of $500 against him for each of the four sailors arrested by the immigration authorities; but as this judgment settles the principle for the future in this jurisdiction, and the offense was rather one of omission than commission, it does not seem necessary to enforce the penalty. It will therefore be suspended during good behavior.

It is so ordered.